IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: NIXON FORK MINING, INC., *et al.*, <br><br> Debtors. <br>_____ <br><br> MESPELT & ALMASY MINING CO. *et al.*, <br><br> Appellants, <br><br> v. <br><br> JEOFFREY L. BURTCH, TRUSTEE, <br><br> Appellee. <br>_____ | Chapter 7 <br><br> Bankr. Case No. 99-2379 (JKF) <br><br><br><br><br><br> Civil Action No. 04-cv-1524 (GMS) |

## MOTION OF APPELLEE TO DISMISS APPEAL

Jeoffrey L. Burtch, the Chapter 7 Trustee and appellee ("Appellee") in the above captioned appeal, moves to dismiss this appeal, and in support of such motion, avers as follows:

1. This appeal was docketed on December 17, 2004. (Docket No. 4).

2. Mediation was conducted, but was not successful. On March 24, 2005, the mediator filed a Notice of Completion of Mediation. (Docket No. 6).

3. On approximately May 16, 2005, this Court entered an initial briefing scheduling order. (Docket No. 7). Thereafter, the parties stipulated to an extended briefing schedule ("Stipulated Briefing Schedule"). On approximately May 24, 2005, this Court approved that Stipulated Briefing Schedule. (Docket No. 8).

4. Pursuant to that Stipulated Briefing Schedule, Mespelt & Almasy Mining Co. *et al.*

1

("Appellants"), opening brief was due on June 20, 2005. No opening brief was filed or served on or before that date. After that date, counsel for the Appellee contacted counsel for the Appellants to inquire as to the failure to file an opening brief. A copy of the email communications concerning that inquiry is attached as Exhibit A to this Motion. As stated in the response of Mr. Wilcox, counsel to the Appellants, "We did not file the brief, and my understanding is that the client has decided to devote his resources to other areas and issues." See Exhibit A.

5. Therefore, the Appellee seeks dismissal of the appeal, with all costs imposed upon Appellants. The reason for this request is twofold.

6. First, the appeal should be dismissed for lack of prosecution. Appellants have refused to comply with an order of this Court by failing to adhere to the stipulated briefing schedule to which they agreed. By refusing to file an opening brief, the Appellants have failed to prosecute this appeal. *See* Fed. R. Civ. Pro. 41(b); *Cf.* Del Super. Rule 41(b); Del Super. Rule 107(e).

7. Second, it appears that Appellants have no intention of filing a brief in this matter. Through the procedural record of this appeal, and the Appellants' active decision to not file an opening brief, this Court should hold that Appellants have waived their rights to continue this appeal.

8. Federal Rule of Civil Procedure 41(b) provides a court with the power to dismiss a case for failure to prosecute and/or failure to comply with a court's scheduling order. *See Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers,* 357 U.S. 197, 206-207 (1958) (use of Rule 41(b) is appropriate when a party fails to comply with an order of the court that is not related to discovery); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 n.14 (1991) (Rule 41(b) gives court inherent power to impose sanctions).

9. In *BCI Pancake House v. Morris, James, Hitchens & Williams*, the district court

found that it was within the court's discretion to dismiss an appeal from the bankruptcy court because the appellant failed to file its opening brief and brief in opposition to a motion to dismiss for failure to prosecute. *In re BCI Pancake House*, Case No. 02-97-GMS, 2002 WL 1586891 (D.Del. June 18, 2002)[1], affirmed by *BCI Pancake House v. Morris, James, Hitchens & Williams*(*In re BCI Pancake House*), 2003 WL 21961001 (3d. Cir. Aug. 18, 2003); *see also U.S. v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (dismissed appeal for failure of appellant to file opening brief and ordered appellant to show cause why an award of costs should not be imposed).

10.  The power of a court to enter sanctions for failure to prosecute by not filing a brief is also recognized by other courts. *See Hunter v. First USA/Bank One*, Case No. 03A-050005, 2004 WL 838715 (Del.Super. April 15, 2004) (court grants appellant's appeal because appellee did not file opening brief or enter appearance); *Sinclair v. Riley*, Case No. 03A-09-007, 2004 WL 1731140 (Del.Super. July 30, 2004) (court grants appellant's appeal because appellee did not file opening brief). Thus, because the Appellants' have failed to prosecute their appeal by failing to file their opening brief and have failed to comply with this Court's scheduling order, this appeal should be dismissed. Additionally, this court should find that the Appellants' have waived their rights to continue the appeal because of their active decision to not file an opening brief.

11.  Due to the simplicity of the issues raised by this Motion, Appellee waives the right to file any opening brief in support of this Motion.

---

[1] Unpublished decisions with Westlaw citations are attached hereto as Exhibit B.

Therefore, the Appellee, Jeoffrey L. Burtch, Chapter 7 Trustee, requests that this Court enter an order in the form attached dismissing this appeal, and for such further relief this Court deems appropriate.

Dated: June 30, 2005

                                          COOCH AND TAYLOR

                                          /s/ Adam Singer
                                          Adam Singer, Esquire
                                          Robert W. Mallard
                                          824 Market Street Mall, Suite 1000
                                          P. O. Box 1680
                                          Wilmington, DE 19899-1680
                                          Tele:(302) 652-3641

                                          Attorneys for the Appellee